IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NIVA PATEL, | § | |
|     Plaintiff, | § | |
| | § | Civil Action No. 3:10-CV-00258-M |
| v. | § | |
| | § | |
| ASC AND WILSHIRE CREDIT | § | |
| CORPORATION, | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to United States Magistrate Judge Paul D. Stickney for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. The Court recommends that Plaintiff's claims against ASC be dismissed for Plaintiff's failure to serve ASC within 120 days.

**Background**

Plaintiff, proceeding pro se, filed this case on February 9, 2010. On February 22, 2010, the Court ordered that:

> Due to the payment of the required filing fee and pursuant to FED. R. CIV. P. 4(c), Plaintiff is responsible for serving a summons and complaint on each defendant in accordance with the rules for service in the Federal Rules of Civil Procedure. Proper service must be made within 120 days after the filing of the complaint or the action is subject to dismissal without prejudice. *See* FED. R. CIV. P. 4(m).

The Court further ordered that:

Rule 4.1 of the Local Civil Rules for the Northern District of Texas requires that Plaintiff file a valid return of service with the Court or otherwise show that each defendant has been served.

The Court gave Plaintiff notice that:

If Plaintiff fails to [properly effect service], this action may be dismissed.

Pursuant to the Court's Order, the Clerk of Court sent Plaintiff a copy of FED. R. CIV. P. 4.

On June 15, 2010, the Court noted that Plaintiff had not properly served Defendants and ordered Plaintiff to show cause why Defendants has not been properly served. This Court notified Plaintiff that this case could be dismissed without prejudice if she failed to comply with the rules for proper service.

Plaintiff responded that she sent notice and certificate of service by certified mail to "ASC, P.O. Box. 10328, Des Moines, IO 50306."

## Dismissal for Lack of Legal Service

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on the plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1). Proper service must be made within 120 days of filing a complaint or the action is subject to *sua sponte* dismissal without prejudice. FED. R. CIV. P. 4(m). Proof of service must be filed with the Court unless service is waived. FED. R. CIV. P. 4(l). This proof consists of a "server's affidavit" except when service was made by a United States marshal or deputy marshal." *Id.*

Plaintiff's notices reflect that she personally mailed notice and documents to ASC. Subsection (c)(2) of Rule 4 provides that "[s]ervice may be effected by any person *who is not a party* and who is at least 18 years of age." FED. R. CIV. P. 4(c)(2) (emphasis added). The federal rules of civil procedure do not allow a party to serve process. *Id.* Accordingly, Plaintiff's attempts to serve ASC were ineffective. *See Jackson v. Atrium Companies, Inc.*, No. 3:04-CV-0679-G, 2004 WL 1773699, at *2 (N.D. Tex. 2004). Additionally, even if someone other than Plaintiff had effectuated service, a properly issued summons and a copy of the complaint were not served on an officer of ASC authorized to receive service. Plaintiff's sending notices by certified mail addressed

2

to ASC at a postoffice box is totally ineffective to obtain service. On June 9, 2010, Plaintiff's time to serve ASC expired. *See* FED. R. CIV. P. 4(m). Thus, Plaintiff has not properly served ASC within 120 days as provided by Rule 4(m).

A court should extend the time to serve the defendant provided the plaintiff shows good cause for her failure to properly effect service. FED. R. CIV. P. 4(l). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit, that the defendant would not suffer any prejudice by the court extending the 120-day deadline, and that the plaintiff would be severely prejudiced if his or her complaint were dismissed. *Hickman v. U.G. Lively,* 897 F. Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). A litigant's pro se status standing alone does not excuse failure to effect service. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). The plaintiff bears the burden of showing good cause. *Id.*

Plaintiff does not even attempt to show good cause for her failure to properly serve ASC, although the Clerk sent her a copy of Rule 4. Rule 4 (c)(2) clearly indicates that service may not be made by a party. Moreover, Rule 4 (h) clearly provides that service must be made on an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. This Court gave Plaintiff notice that her service on ASC was not legal and gave Plaintiff the opportunity to show cause why she had not effectuated legal service on ASC. More than six months have expired since Plaintiff filed this case. Plaintiff still has not complied with FED.

R. Civ. P. 4(m) and Local Civil Rule 4.1 by timely effectuating service on ASC as required by Rule 4 and by filing proof of valid service. Accordingly, Plaintiff's claims against ASC are subject to dismissal under Rule 4(m).

## **RECOMMENDATION**

The Court recommends that the District Court *sua sponte* dismiss Plaintiff's claims against Defendant ASC for Plaintiff's failure to effectuate service on ASC within 120 days of filing the Complaint and for her failure to correct service after notice.

Signed, August 23, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).