IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NIVA PATEL, §
    Plaintiff, §
§ Civil Action No. 3:10-CV-00258-M
v. §
§
ASC AND WILSHIRE CREDIT §
CORPORATION, §
    Defendants. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for recommendation is the July 7, 2010 Motion to Dismiss of Defendant Wilshire Credit Corporation (doc. 8). The motion is brought by Defendant BAC Home Loan Services, LP, Successor in Interest to Wilshire Credit Corporation ("Defendant").[1] The time to file a response expired, and Plaintiff failed to respond. Defendant seeks dismissal or alternatively, a more definite statement based on the fact that Plaintiff's complaint is "incomprehensible."

**Motion to Dismiss**

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S.

---

[1] The Clerk of Court shall substitute BAC Home Loan Services, LP, Successor in Interest to Wilshire Credit Corporation, for Wilshire Credit Corporation on the docket sheet.

at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id*. at n3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## Motion for More Definite Statement

A party may move for a more definite statement before interposing a responsive pleading "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED.R.CIV.P. 12(e). "[M]otions for a more definite statement are generally disfavored," and "[w]hether to grant a motion for a more definite statement is a matter within the discretion of the trial court." *Travelers Indem. Co. of Connecticut v. Presbyterian Healthcare Res.*, 313 F.Supp. 2d 648, 654 (N.D. Tex. 2004).

Plaintiff is proceeding *pro se*; therefore, the court must construe the allegations in the complaint liberally. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v.*

*AMX, Int'l, Inc.,* 7 F.3d 71, 75 (5th Cir.1993) (per curiam). Courts usually construe a *pro se* plaintiff's brief more permissively and make more allowances. *AMX, Int'l, Inc.,* 7 F.3d at 75. "[P]ro se litigant[s][are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe,* 449 U.S. at 9). A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Accordingly, courts will give a plaintiff the opportunity to amend a complaint if the deficiencies might be overcome.

## Plaintiff's Allegations

On February 9, 2010, Plaintiff filed a Complaint, a Notice of Lis Pendens, Respondent's Debt Validation Request, and a Debt Collector Disclosure Statement. (Doc. 1.) Plaintiff claims that Defendant committed fraudulent acts, did not fulfill its original promise, did not sacrifice anything of value, and "thereby did not suffer any loss." (Compl. at 1.) Plaintiff alleges no facts in support of her complaint against Defendant. In her Notice of Lis Pendens, Plaintiff alleges the original lender did not comply with TILA in the loan transaction that occurred on December 8, 1998. (Notice at 4-5, ¶7.) She also mentions breach of contract and fraud, but, again states no facts that would state a claim against Defendant. This Court agrees with Defendant's assessment that it is unable to formulate a response and defenses unless Plaintiff states at least enough facts to raise the right to relief above the speculative level. Accordingly, since Plaintiff is proceeding pro se, the District Court should allow Plaintiff twenty days to file a first amended complaint that complies with FED. R. CIV. P. 8 and that states what Plaintiff claims Defendant allegedly did, or failed to do, that caused it to be liable to Plaintiff and when the events in question occurred.

**Recommendation**

The District Court should deny without prejudice Defendant's motion to dismiss and grant the alternative motion for more definite statement (doc. 11). The District Court should allow Plaintiff twenty days from the date of the District Court's Order to file a First Amended Complaint with sufficient facts to raise her right to relief above the speculative level.

Signed, August 23, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).